The issue in this case is whether a jail sentence can preclude treatment under the Federal First Amendment. The Federal Court of Appeals has ruled that the jail sentence for the death of a citizen of Mexico who entered the United States in March 1984 without inspection. His mother, who is a naturalized United States citizen, filed an immigrant visa petition on his behalf and that was subsequently approved. Mr. Flores filed an application for adjustment of status under Section 245I of the Immigration Nationality Act in the application for cancellation or removal for non-lawful permanent residence with the Immigration Court. The immigration judge denied both applications, stating that Mr. Flores was not statutorily eligible for those forms of relief as a result of a 2004 controlled substance conviction, specifically a simple possession under California Penal Code 11-358. Can I ask you, before you get to the main issue, just to, because I won't be able to listen unless you satisfy me on this first, your client clearly did violate probation, right? Your Honor, I'm not, well, I have two issues to say. One, that was never brought up in the lower courts. The first time that was ever raised. Okay, but look at the record. Pardon me? The record says he violated it three times, so just tell us from the record, what does the record show? It does indicate that, Your Honor. So why isn't he just, you just stop right there under Estrada and case over? Your Honor, my understanding, when this, when the Ninth Circuit in Lujan came up with the four criteria to apply the Federal First Defenders Act to immigration, it came out with four things. One, has the individual previously committed a controlled substance offense? Two, have they been accorded treatment under the Federal First Defenders Act? Three, was this conviction for simple possession? And four, which is, was this conviction expunged or vacated under a rehabilitative statute? There's nothing there that specifically states... Well, we said in Estrada, tell me if I'm wrong, but from my recollection reading it about a week ago, we said there that if, because the Federal statute specifically says you may not have violated your probation in order to be eligible, that even if on the state side you have done so, you are categorically ineligible to rely on the FFOA. So am I remembering Estrada wrong, or do you have some response to that? I do, Your Honor. What I believe how it should be interpreted is whether or not the state court in applying relief under the rehabilitative statute found that there was a probation violation such that they could not seek that relief. In other words, the court... I hear what you're saying. You're saying that under state law, hey, he still got the thing expunged, so it's all good, right? Right. Am I misreading Estrada to say that even in that scenario, because the Federal statute specifically says that, you know, if you were going to be eligible for relief under this statute, you cannot have violated your probation, that we sort of carry that over and impose it even though it's a state conviction, and you're out of luck? That's what I'm trying to... Right. Do you have a response to that? Tell me if I'm misreading the case or if there's some way to distinguish it. Your Honor, I do believe it's distinguished, and the reason why is the courts should give deference to the state court's finding. If a state court finds that the individual... So you should get a better deal because you violated your state probation three times, and if you were under... You actually came under the first offender Federal statute, and you violated your probation, then we dump on that person, but not on your client? I mean, your client's trying to get in to something, but wants to get in with a worse record than someone that qualifies straight up, right? I understand your position, Your Honor, but my point is the immigration court should give deference to the finding of the state court. In this case, the state court did find that he successfully completed probation, and that he warranted the relief under the rehabilitative statute. He didn't. We have the thing. I mean, it's a long... I've read every word of that. It's 20, 30 pages or whatever. He did not successfully complete probation. He was violated several times, and eventually, I guess, served some time in custody, but I just took a quick look again at Estrada. Estrada involved a state conviction that was expunged, and that's what I'm saying. Even there, I thought we held that if you violated probation, that's it. Sorry. Because you needed to meet each of the criteria of the Federal statute, and one of them is that you may not have violated probation. So it seems to me that case just... It covers your client's situation exactly, and we wouldn't even get to the issue that you said you wanted to start with, which is whether a jail sentence could render him ineligible. Right. Again, just going back, I believe that the immigration court has to respect the ruling of the state court. Now, the state court, the judge, could have said, no, I'm sorry, you violated probation to the... And you didn't successfully complete probation. He would not have been given treatment under the Rehabilitative Act if he had not successfully completed probation, and that the judge didn't believe he rehabilitated, and that he warranted that relief as a matter of discretion. How did he wind up with the... I guess he ended up serving 90 days? Your client served 90 days in custody? I believe it was a suspended sentence, Your Honor. Yes. Okay, so you never actually... Yes. Okay. So how did he get that sentence, though? What was the... Because he did eventually start out, and it looked like a pretty benign sentence. Right. Right? So how did he end up getting a suspended sentence of 90 days? The court noted he did not appear for hearings, and I believe he had a test that was positive, a drug test that was positive. And so wasn't probation, wasn't he declared to be, you know, probation violated or probation revoked or something? I can't remember the exact words from that long sheet. Yes, that's correct, Your Honor. But the point being, what I'm trying to say, I guess the issue we're talking about here is whether or not an immigration court should give deference to the finding of a state court when they do find at the end that the probation was successful, that they had rehabilitated... But the record completely belies that. So we would have to completely, you know, whatever the state court meant by that, like you're not as bad as other people, so at least you eventually got off probation. But do you have any case where a person who receives a jail sentence was held to qualify for relief under the first FFOA? Your Honor, I believe the court did address this in Lujan. In Lujan, the second petitioner, Roldan, was sentenced to three years probation and a 90 day jail sentence as well. And the court did just briefly address that. And I was just going to read a little bit from what the court said in Lujan. Under the matter of Manrique, which is the BIA's leading case on Federal First Offenders Act, it appears that an otherwise eligible offender can only qualify for relief if he receives probation as opposed to imprisonment. And then later, the record of his sentence expunged. Because Lujan, like Roldan, was sentenced to probation, although his probation included a jail term, we need not decide if this limitation constitutes an acceptable interpretation of our ruling in Gardabing. So how does that help you? We need not decide. So I asked you, is there any case that said when you get jail you qualify for the FFOA? Yes, Your Honor, the court found that Roldan qualified because they distinguished probation with jail versus imprisonment, state imprisonment. Because the current petitioner, Mr. Flores, also sentenced to three years probation, 90 days jail time, just as Roldan. Yet Roldan qualified because the court in Lujan found a distinction between probation with or without jail time versus state imprisonment. Because it's not unusual under state law, particularly in California, to get a three-year probation and, in some cases, some jail time. So the other case in point was the Ninth Circuit case of Ramirez-Altamirano v. McKay, in which that individual was also given three years probation and five days jail sentence, and yet he was also found qualified for the Federal First Offenders Act. So there does appear to be a distinction between probation with or without jail time versus state. But your, I mean, the point I was trying to get at earlier, though, is that your client wasn't given a sentence at the outset of probation plus some jail time, right? I guess what I seem to read from this is that he got the 90 days because he violated probation. And, I mean, I'm just looking at a couple of the entries, and it's, you know, defendant's present and he admits it, a violation of probation, and probation is revoked. I mean, that's what the thing says. So it seems to me that's how the 90 days came about. It wasn't one of these situations where at the very outset the court imposed a sentence of probation plus something. And so if the probation violation is what triggered the jail time, it seems to me it's Well, let me jump in there because I have a question for you. I understand your argument. You're saying that, look, if someone had, let's say, a technical violation of probation, but the judge said, hypothetically, yes, there was a technical violation, but in every other respect this individual is a model probationer, and I think that his conviction should be expunged. Yes, there was this minor violation, that's it. You would be advocating that we should, that the immigration court should take note of that in a sense, and that would be some sort of exception to a strata, if the state court had said or done something to suggest this guy was a fantastic probationer. Is that the sense where you're going? Generally, yes, but my bigger argument is that the immigration court should respect the ruling of the, the finding of the state court, because the state court could have said, no, I'm going to deny your expungement. You have this record, but the state judge reviewed the case and found that he, he qualified for it. But what, so we. They qualified for expungement. For expungement. But he didn't, the state judge didn't say, we wouldn't respect you, because you qualify for expungement, that you qualify, ergo, the FFOA. That doesn't. Right, because that, that is not contrary to the state court. But your, you said your bigger argument is because the state judge said he qualified for expungement, that therefore he should qualify for the FFOA. Right. What, what I'm, what I'm trying to get at is that it, it should be the immigration court that just respects whatever the ruling is of the state court. But I guess my question is, is that I, I understand your position there, but as Judge Watford is, I'm looking at Estrada as well, and it's at page 1042 of the decision. There's a brick wall here, and, and can you point us to any case that lets you either jump over the brick wall, or knock it down, or drill through it, or something? No, there's no, there's no case on point, Your Honor. For what I'm. For what you're advocating. For what I'm advocating. Nothing for the BIA or any other circuit that would let us, wouldn't let us, but, you know, give us some means to get around this Estrada brick wall. No, Your Honor. Okay. Would you like to reserve the balance of your time? Yes, thank you, Your Honor. Okay. Good morning. Good morning. My name is Monica Antone, appearing on behalf of the Attorney General, excuse me. In this case, beyond just the jail term, of course, we have the probation violations that are clear on the record, and that are uncontested. And I would like to point out that in Estrada, even Estrada was able to get his conviction expunged in the state of California, despite having these probation violations. So the point of equal protection is not that the federal immigration system should bow to the state court, but whether the state court's action is comparable to the Federal First Defender Act. And those probation violations and the jail term that was imposed as a result of the third probation violation removed the state proceeding from the scope of the Federal First Defender Act. And that's why the board... Well, what about, though, that there is that, there's... I understand that argument, but then didn't also the BIA say it appears that the violation of probation did not occur? That's true. And I mean, we're all, you know, we all looked at the state record, and I was the state court judge, and I'm looking at it, and not only did it occur, it occurred three times. So what are we supposed to do with that? That's right. And the board did mistakenly say that he did not violate probation, but because it's an uncontested fact, and because it is clear on the record, and we're looking at the application of established legal precedent, remand would really be futile in this case, because the board would simply reach the result reached in Estrada after acknowledging the probation violations. Well, that's why you're kind of relying on the jail sentence, but it's... For purposes of the FFOA eligibility, does it make any difference whether a person is sentenced to 90 days in jail as a result of a conviction or as a result of multiple probation violations? Why or why not? No, it's the government's position that it doesn't matter when or why a jail term is imposed, only that the jail term is beyond the scope of the FFOA. Therefore, if a jail term is imposed at any time in connection with the first-time possession offense, it removes that offense from the scope of the FFOA. But yet, there's not a case on that, right? Not that I'm aware of in this court or by the board, although the board states that when the board discusses the FFOA, it includes that one year of probation in the FFOA as part of the analysis, and the board's getting that, of course, from the FFOA itself. So that's not a... It's not an unreasonable requirement. It's in the statute, the federal statute. So the best I can give you is that it's grounded in the statute, and that equal protection requires equal protection and not more generous protection. So that a state defendant who has a sentence that exceeds the scope of the FFOA would then be getting more generous treatment if the expungement were not considered for immigration purposes than a similarly situated federal defendant. And that result is not required by Lujan. Excuse me. But I don't have a case exactly on point on that issue. This would be the case, if we agreed with you? This would be the case, as far as I can tell. Well, if... Just assuming for a moment that we found that the BIA erroneously stated that the petitioner did not violate his probation, should we remand this case for the BIA to correct that, or...? At this point, it would be futile because the probation violation is uncontested, as we heard today. And it's clear on the record that there are three probation violations, and there's established legal precedent on point that the board would apply. So the uncontested facts that he violated probation and the legal precedent... Because he admits it, too. He does admit it. The petitioner does. Right, right. And there is a similar FFOA case where the court affirmed the board's decision in an FFOA case for a different rationale. And I did not cite that case in the brief, but I can give you the citation right now, if you would like it. Excuse me. Sounds like you've got what's been going around. Yeah, and I don't want it. I'm really sorry. Don't worry. He already... He was already sick, so he's caught that way. Yeah. Well, the warm, dry air is helping. Yeah. Yeah. So I'm happy to be here for that. Okay. That case is Aguiluz, A-G-U-I-L-U-Z, Arellano, A-R-E-L-L-A-N-O, versus Gonzalez. And the citation is 446F3rd, 980. It's a Ninth Circuit decision from 2006. And the court stated that it would have to remand to the BIA if it were discretionary relief, but it's not required here where, and I'm quoting directly, the issue is purely legal and it involves an interpretation of the FFOA, a statute which the BIA is not charged with administering. This case requires no further agency, expertise, or evaluation because our legal conclusion that the FFOA does not apply to Aguiluz, Arellano's second conviction compels the conclusion that he's removable. So there is precedent for the idea that the court does not have to remand to the BIA on an FFOA issue. And that is the citation for that. And if the court has no further questions, the government rests on the brief. All right. Thank you. Thank you, counsel. Well, get well and take your cold back to D.C., I guess. I'm sure a counsel for the appellant doesn't want it either, right? I've got kids, though, so I'm kind of in that environment. I can't escape it no matter what. I just wanted to briefly address the 90-day jail sentence, separate from the probation violation. This court has found individuals in the past, as I said, Lujan, Worldan, and Ramirez, Alterano, those individuals had jail sentences. And those individuals were found eligible for the Federal First Defenders Act, albeit those issues did not come straight out in the case. That was not the issue in the case. It was brought out in the facts of the case. And yet it was not highlighted as you can't receive treatment under the Federal First Defenders Act because of this jail sentence. The closest this court did come, as I said, is they acknowledged that Worldan had the 90-day jail sentence, just as Mr. Flores does. But distinguished probation with jail sentence versus imprisonment. And it's not realistic for a state conviction for a controlled substance, be it in this case simple possession, to get a sentence of only one year probation. It's standard in the state of California to get a minimum of three-year probation. So if the court were to follow the government's interpretation that only cases with one-year probation, then most, if not all, state convictions wouldn't be able to fall under the Federal First Defenders Act. So? So, let me take that to the next step. You know, I mean, we have a lot, it's not, so maybe it's not fair, but that isn't how we... Right, no, no, no, I understand. But what this court said in Lujan is that we don't necessarily look at how the state court sentenced the individual. The question is, how would that individual have been sentenced were they in federal court? So if these cases were in federal court, they may very well have been given the one-year probation because that's more standard in the federal. But in state, that is not going to happen, and this court did seem to acknowledge that, even though not overtly as the major part of a decision in Lujan, but they did acknowledge the fact that he had a 90-day jail sentence as part of a probation. Thank you. I'm sorry, were there no more questions? I do not appear to be. Thank you both for your argument in this matter. It will now be submitted.
judges: Callahan, Watford, Owens